UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

IN RE COMPUTER ASSOCIATES CLASS
ACTION SECURITIES LITIGATION                    98-CV-4839 (TCP)

IN RE COMPUTER ASSOCIATES 2002
CLASS ACTION SECURITIES LITIGATION              02-CV-1226 (TCP)

FEDERMAN v. ARTZT et al.                         03-CV- 4199 (TCP)

---------------------------------------------------------X        **MEMORANDUM
                                                                  AND
                                                                  ORDER**

PLATT, District Judge.

Before the Court is Respondent CA Special Litigation Committee's

motion to clarify or amend this Court's Order dated August 2, 2007, pursuant to

which this Court reiterated its ruling on August 1, 2007 denying on the record the

pending 60(b) and related discovery motions filed by derivative plaintiff Ranger

Governance, Ltd.[1] and class action plaintiffs, Wyly Movants**.**

Federal Rule of Civil Procedure 60(b) provides in part:

> **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered
> Evidence; Fraud, Etc.**
>
> On motion and upon such terms as are just, the court may relieve a

---

1.        Co-derivative plaintiffs, Bert Vladimir and Irving Rosenzweig, originally sought the same
60(b) and discovery relief as Ranger Governance, Ltd.  On July 25, 2007, however, counsel for
Messrs. Vladimir and Rosenzweig withdrew plaintiffs' discovery and 60(b) motions leaving
Ranger Governance Ltd. as the remaining derivative plaintiff seeking such relief.  See Squitieri Ltr.
Dated July 25, 2007, Docket (DK) # 04-CV-2697, Entry #164.

1

party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . . **The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken**.

(Emphasis added)

As above set forth, Rule 60(b) requires that motions be made under that Rule within one year, i.e., on or before December 10, 2004 in this case.

Respondent CA Special Litigation Committee (CA CLS), however, was not appointed by the Computer Associates International, Inc. Board of Directors to represent or investigate CA's claims until February 1, 2005. Indeed, CA SLC did not appear in these actions by its attorneys, Fried, Frank, Harris, Shriver & Jacobson, LLP, until March 14, 2005, approximately fifteen months after the above captioned matters were settled on December 10, 2003.

Given that CA SLC was not in existence on December 10, 2004, it was in no position on that day to file a 60(b) motion within the statutory time frame. Moreover and due to the fact that the Committee had not yet been appointed, it does not today have standing to bring or participate in a Rule 60(b) motion.

Consequently, this Court did not intend and, moreover, has no authority, to include the CA SLC in its Order dated August 2, 2007.

As heretofore indicated, on December 5, 2003, a settlement hearing was held whereby settlements in the following actions were negotiated: In re Computer Associates Securities Litigation, 98-CV-4893; In re Computer Associates 2002 Class Action Securities Litigation, 02-CV-1226; and Federman v. Artzt, 03-CV-4199, a derivative action.[2] Upon its finding that said Settlement was fair, reasonable and adequate and in the best interests of CA and its shareholders, this Court issued an Order of Final Judgment and Dismissal dated December 8, 2003. Said Order was entered in the office of the Clerk on December 10, 2003.

On December 7, 2004, the class action plaintiffs, Wyly Movants, moved this Court to vacate the aforesaid Settlement and Order of Final Judgment and Dismissal dated December 8, 2003 pursuant to Federal Rule of Civil Procedure 60(b). Similarly, Derivative Plaintiffs filed a Notice of Motion on December 9,

2.      At the Settlement Hearing dated December 5, 2003, the plaintiffs in the 1998 and 2002 class actions were represented by Melvyn Weiss, Esq. and Barry Weprin, Esq. of the firm Milberg Weiss; Patrick Slyne, Esq. of the firm Stull, Stull & Brody; and Richard Schiffrin, Esq. of the firm Schiffrin & Barroway. Plaintiffs in the Federman derivative action were represented by William Federman, Esq. of Federman & Sherwood and John Emerson, Esq. of Emerson Poynter, LLP. All defendants, except for Computer Associates in the 03-CV-4199 case, were represented by David Nachman, Esq. and Kirsten Nelson, Esq. of Piper Rudnick.

2004 pursuant to Rule 60(b) seeking relief from the aforesaid Order of Final

Judgment and Dismissal which approved the Settlement.[3]

On December 13, 2004, this Court instructed those parties to brief the

60(b) motion.  See Minute Order dated December 13, 2004, DK # 98-CV-4839,

Entry # 228.  By letter to the Court dated December 16, 2004, the Wyly Movants

sought expedited discovery in support of their motion.  Counsel for CA, John

Hardiman, Esq., of the firm Sullivan & Cromwell, LLP, however, objected to the

Wyly Movants' discovery requests and on February 3, 2005, this Court referred

the discovery issues to Magistrate Judge E. Thomas Boyle.  On February 8, 2005,

Magistrate Judge Boyle granted CA's motion to stay discovery in the derivative

action.[4]  See Order dated February 8, 2005, DK # 04-CV-2697, Entry # 72.

Thereafter and on June 14, 2005, more than six months after its

application to open the Settlement was denied without prejudice, the Wyly

Movants submitted their fully briefed 60(b) motion while Ranger Governance,

Ltd. submitted its fully briefed 60(b) motion on June16, 2005.  Both the Wyly

---

3.      Both the Wyly Movants' and Derivative Plaintiffs' motions were denied without prejudice to renew on December 10, 2004 for failure to abide by this Court's individual rules requiring motions to be fully briefed prior to filing.  See Individual Practices of Judge Thomas C. Platt, R. 2.C.

4.      At this time, CA's Special Litigation Committee (CA SLC), formed on February 1, 2005, filed its own motion to stay the Derivative Action as well as the Derivative and Class Action 60(b) motions, which motions are no longer pending.  See Order dated February 7, 2006, DK # 03-CV-4199.

Movants and Ranger Governance, Ltd. claimed that settlement of the class action and derivative lawsuits were procured by fraud, misrepresentation and other misconduct and that newly discovered evidence warranted relief from the Order of Final Judgment and Dismissal dated December 8, 2003. Both parties further claimed that CA's General Counsel, Steven Woghin, Esq., failed to disclose to the Court and opposing counsel the existence of twenty-three (23) boxes of documents and, in response to a question by the Court, stated that the fraud on which they relied was contained within the documents in the twenty-three (23) boxes.

Accordingly, on June 14, 2005, this Court held a telephonic conference wherein it ordered the Wyly Movants to serve a notice of production to have the twenty-three (23) boxes of documents returnable to the Court on July 1, 2005.[5]

---

5.    The following attorneys appeared by telephone at the June 14, 2005 conference: Stephen Fearon, Esq. of Squitieri & Fearon, LLP as Co-lead Counsel for Derivative Plaintiffs; Scott W. Fisher, Esq. and Jan Bartelli, Esq. of Garwin, Gerstein & Fisher, LLP for movant Muriel Kaufman; Eric B. Halper, Esq. of Davis Polk & Wardwell for defendant Sanjay Kumar; O'Melveny & Myers, LLP for defendant Lloyd Silverstein; Michelle J. Shapiro, Esq. of Hafetz & Necheles for defendant Charles P. McWade; Henry Putzel, III, Esq. for defendant Peter A. Schwartz; Christian R. Everdell, Esq. of Debevoise & Plimpton, LLP for defendant Steven Woghin; Lawrence O. Kamin, Esq. of Willkie Farr & Gallagher, LLP for defendants Shirley Strum Kenny, William F. P. de Vogel and Roel Pieper; Lewis J. Liman, Esq. of Cleary Gottlieb Steen & Hamilton, LLP for defendants Alfonse D'Amato, Gary Fernandes, Jay Lorsch, Lewis Ranieri, Robert LaBlanc, and Walter Schuetze; Victoria Radd Rollins, Esq. of Williams & Connolly for defendant Richard Grasso; Jim Renard, Esq., Alex Widell, Esq. and Luke McGrath, Esq. of Bickel & Brewer for movant Sam Wyly; Robert Hardwood, Esq. and Samuel Rosen, Esq. of Wechsler Harwood as Co-Lead Counsel for Derivative Plaintiffs; Douglas Flaum, Esq. and David B. Hennes, Esq. of Fried, Frank, Harris, Shriver & Jacobson, LLP for Special Litigation Committee of the Board of Directors of Computer Associates International, Inc.; Stephen Kesselman, Esq. of Ruskin Moscou Faltischek PC for defendant Russell Artzt; Vincent Sama, Esq. and Adam Schlatner, Esq. of

<u>See</u> Trans. June 14, 2005 at 21-22.  The parties were further advised that *if* the contents of the twenty-three boxes sustained the allegations of fraud, the Court would determine whether or not depositions were necessary.  <u>See</u> Trans. June 14, 2005 at 17.

On June 20, 2005, the Wyly Movants served a Notice of Rule 30(b)(6) Depositions on CA, Inc.; a Notice of Production on CA, Inc.; and a Notice of Production on the CA SLC.  On June 30, 2005, the U.S. Attorney moved to stay discovery through the end of November 2005.  On November 30, 2005, this Court stayed  the Wyly Movants' request for a 30(b)(6) deposition through the conclusion of the criminal trial of CA officers, Sanjay Kumar and Steven Richards.

On April 26, 2006, the U.S. Attorney informed this Court that Sanjay Kumar and Stephen Richards each pled guilty and were to be sentenced on September 12, 2006.  As a result, the government no longer required a "blanket stay" on depositions, but requested permission to petition the Court to deny particular depositions on a case-by-case basis.

Thereafter and based on letters from counsel requesting a conference with the Court to discuss scheduling and other related matters, including setting a

Winston & Strawn, LLP for defendant Charles B. Wang; and William Schwartz, Esq. of Kronish Lieb Weiner & Hellman, LLP for defendant Stephen Richards.

schedule for the completion of the Rule 30(b)(6) depositions as well as a schedule for supplemental briefing and oral argument for the 60(b) motions, the Court scheduled a status conference which was ultimately held on July 26, 2006. The Court notes, however, that neither the Wyly Movants nor Ranger Governance, Ltd., made any representations with regard to the fraud purportedly contained in the "23 boxes" between the telephonic conference held on June 14, 2005 and the July 26, 2006 conference, i.e., in excess of one year.

During the July 26, 2006 conference, this Court ordered the parties to set forth, in affidavit form, specific findings of fraud they claimed were contained in the 23 boxes and to limit their discovery and deposition requests to the contents of the boxes. See Trans. July 26, 2006 at 16-17. Additionally, the Court indicated that it wanted Ranger Governance, Ltd. and Wyly Movants to agree on a list of CA members to be deposed and that the parties' requests were to be as precise and narrow as possible. Id. at 25.

Notwithstanding the Court's express directive to provide such an affidavit and limit deposition and discovery requests, Wyly Movants' Declarations outlining their discovery requests did not contain any findings of fraud and far exceeded the parameters for discovery as set forth in the conference dated July 26, 2006. Additionally, the parties' arguments in support of deposing particular CA

officers and investigators were unsupported except by vague conclusory

statements about the contents of the twenty-three boxes.

On July 23, 2007, at a conference before this Court, the Wyly Movants

represented that their motion for discovery was fully briefed and ready

to be decided by the Court.  <u>See</u> Trans. July 23, 2007 at 9.  Moreover, at that

conference Ranger Governance, Ltd., represented by the same counsel, indicated

that they had joined in the previously filed derivative motion for discovery and

indicated that while Derivative Plaintiffs Vladimir and Rosenzweig were no

longer pursuing their discovery and 60(b) motions, the discovery motion as it

pertained to Ranger Governance, Ltd. was still pending and ready for final

adjudication. <u>See</u> Trans. July 23, 2007 at 10.   By letter dated July 24, 2007,

counsel for the Wyly Movants and Ranger Governance, Ltd. indicated that "no

further submissions regarding [their] discovery motions in support of their

motions for relief pursuant to Rule 60(b)" were to be filed.[6]   In response to the

indication by the parties that these motions were ready to be decided and in light

of the significant filings in this case each pertaining to different docket numbers

and spanning, in total, three years, this Court requested that counsel for Wyly

Movants and Ranger Governance, Ltd. file with the Court a list of motions which

---

6.        <u>See</u> Brewer Ltr. dated July 24, 2007, DK # 98-CV-4839, Entry # 338.

were fully briefed and ready for consideration.   In response to the Court's request, the parties promptly filed with the Court a list of all pending 60(b) motions and related discovery motions.  <u>See</u> McGrath Ltr. dated July 27, 2007, DK # 98-CV-4839, Entry # 339.

It was against this backdrop that the Court considered all relevant previously filed papers in this Court's possession and filed on this Court's docket since December 2006 and rendered the August 1, 2007 ruling and subsequent Memorandum and Order dated August 2, 2007.

As was set forth in this Court's Order dated August 2, 2007, both Wyly Movants and Ranger Governance, Ltd. failed to set forth cause to permit further discovery to be conducted in conjunction with their 60(b) motions.  This Court has repeatedly made clear that additional discovery was to be confined to the "fraud" alleged to be within the "23 boxes."  To date, neither the Wyly Movants nor Ranger Governance, Ltd. has produced any "new" evidence of fraud upon this Court and consequently, have failed to establish that the contents of the "23 boxes" allegedly withheld during discovery and prior to settlement warranted granting further discovery and the reopening of the 2003 Settlement.

As was also set forth in this Court's August 2, 2007 Order, the moving papers also failed to set forth the relevant inquiry that lies at the heart of the issue,

i.e., what was known and not known to counsel who litigated the settlement. It remains this Court's belief that the actual parties who sat in open Court and placed the terms of the Settlement on the record are in the best position to determine whether any "undisclosed and unknown" fraud took place in light of the information disclosed to the shareholders and the public in the months following the settlement.

In fact, at the time these actions were settled, Melvyn Weiss, Esq., who spoke for all of the class action plaintiffs at the Settlement Hearing held on December 5, 2003, stated the following:

> As we are all aware, there is a criminal investigation that is ongoing, and I just wanted the Court to understand, as we have stated in our papers, that we've . . . [taken] all of that into account in coming to the conclusions as we did as to what would be a fair, reasonable and adequate settlement for the class members.

See Trans. December 5, 2003 at 5.

Furthermore and in light of the alleged revelations pertaining to Computer Associates in the approximately ten months after the settlement, i.e., the "discovery of the existence" of the "23 boxes," attorneys for the class action plaintiffs, Milberg Weiss, declined the Wyly Movants attorneys' requests that they join forces and file a Rule 60(b) motion to reopen the settlement. See Weprin Ltr. dated November 24, 2004, DK # 98-CV-4839, Entry # 216.

As a result of all of the foregoing, this Court denied the Wyly Movants and Ranger Governance, Ltd. motions to vacate the 2003 settlement, which denial was appealed to the United States Court of Appeals for the Second Circuit by Wyly Movants and Ranger Governance, Ltd. by the filing of a Notice of Appeal dated August 24, 2007.

CA SLC now seeks an Order from this Court amending or clarifying its August 2, 2007 Order to allow CA SLC to bring its own 60(b) motion if, as and when this Court, upon CA SLC's motion, dismisses the existing derivative parties and re-aligns CA SLC as plaintiffs. For the reasons above set forth herein, however, the Court does not possess the authority to put CA SLC in a position which existed prior to its creation.

SO ORDERED.

_____/s/_____
Thomas C. Platt U.S.D.J.

Dated: Central Islip, New York
        September 12, 2007